IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSE JAIME BARRERA, ET AL.,

    Plaintiffs,

v.                                        Civil Action No. PX-16-2477

J&L MAINTENANCE, LLC, ET AL.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On July 1, 2016, Plaintiffs Jose Jaime Barrera, Manuel Jesus Gomez, Jacquelinne Moreno Ramirez, Emilia Margarita Martinez, and Esteban E. Gomez filed a complaint against J&L Maintenance, LLC ("J&L") and John F. Lynch in the above-captioned matter. ECF No. 1. Summonses were served on Defendants on August 2, 2016. *See* ECF No. 7. On November 7, 2016, Plaintiffs moved for entry of default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 6. The Clerk entered default on May 3, 2017. ECF No. 7. Plaintiffs have moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 8. Defendants have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. Pursuant to Local Rule 105.6, a hearing is not necessary. For the reasons stated herein, Plaintiffs' Motion for Judgment by Default is GRANTED IN PART and DENIED IN PART without prejudice and with permission to supplement.

**I.    BACKGROUND**

Defendant Lynch owns Defendant J&L, a Maryland corporation. ECF No. 1 at ¶¶ 4, 5. Plaintiffs were employed by Defendants as laborers. ECF No. 1 ¶ 17. In their Complaint,

1

Plaintiffs allege that Defendants failed to pay each Plaintiff fully for the time they worked. ECF No. 1 ¶¶ 20–22, 25–26, 29–30, 33–34, 37–39. They bring claims under the Maryland Wage Payment and Collection Law ("MWPCL") (Count I), the Fair Labor Standards Act ("FLSA") (Count II), and the Maryland Wage and Hour Law ("MWHL") (Count III). Plaintiffs request that judgment be entered in their favor on each count, and that compensatory and statutory damages, as well as reasonable attorneys' fees and costs, be awarded to them. ECF No. 8 at 1.

## II. DISCUSSION

### A. Default Judgment

Federal Rule of Civil Procedure 55(b) provides that default judgment may be entered "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). The entry of default judgment is a matter within the discretion of the Court. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)).

Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), it is within the Court's discretion to grant default judgment when a defendant is unresponsive, *see Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987); *Disney Enters.*, 446 F. Supp. 2d at 405–06. To determine whether a default judgment is appropriate, the Court engages in a two-step inquiry. First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). Second, if the Court finds liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.* The Court may hold a hearing to determine damages, or it

may rely on detailed affidavits or other documentary evidence in support of a plaintiff's claimed damages. *Lipenga v. Kambalame*, 219 F. Supp. 3d 517, 525 (D. Md. 2016).

Defendants each were served with the Complaint on August 2, 2016, and did not respond. *See* ECF No. 7. Defendants also did not respond to Plaintiffs' motion for entry of default judgment, nor did Defendants move to set aside the Order of Default entered by the Clerk of the Court. The Court will exercise its discretion to grant default judgment in light of Defendants' failure to respond. *See Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012).

### B. Liability

In reviewing a request for a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint to determine whether the allegations make out a legitimate cause of action. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). Plaintiffs' Complaint, accepted as true, establishes entitlement to relief under the MWPL, the FLSA, and the MWHL.

#### 1. Defendants as Employers

The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and defines "employ" to "include to suffer or permit to work," *id.* § 203(g). The MWHL provides a similarly broad definition for the term "employer." *See* Md. Code Ann., Lab. & Empl., §3-401. The MWHL defines "employ" as the act of "engag[ing] an individual to work." *Id.* §3-101. The MWPCL defines "employer" as "any person who employs an individual in the State," Md. Code Ann., Lab. & Empl. § 3-501(b), and defines "employ" to incude "allowing an individual to work" and "instructing an individual to be present at a work site," *id.* § 3-101(c)(2). The

3

material pleaded by Plaintiffs includes specific factual allegations to make out that J&L and Lynch are "employers" within the meaning of the statutes and that both Defendants may be held liable under the relevant laws. *See* ECF No. 1 ¶¶ 4–16. Plaintiffs also plead facts that support their periods of employment with Defendants, and that they each were not compensated either at all or in full for certain periods of time worked. *See* ECF No. 1 ¶¶ 17–43.

### 2. MWPCL Claim (Claim I)

All Plaintiffs bring claims under the MWPCL. Taken as true, the material in the Complaint establishes that Defendants violated the MWPCL by failing to pay Plaintiffs as required. *See* Md. Code Ann. Lab. & Empl. §§ 3-502(a)(1)(ii), 3-505(a). In particular, Plaintiff Jose Jaime Barrera was not compensated for his final two weeks of work.[1] Plaintiff Manuel Jesus Gomez was not compensated for his final 40 hours of work and is thus owed unpaid straight time wages. Plaintiffs Jacquelinne Moreno Ramirez, Emilia Margarita Martinez, and Esteban E. Gomez also were not compensated for each of their final 64 hours of work; thus, each is owed unpaid straight time wages.

### 3. FLSA and MWHL Claims (Claims II and III)

The FLSA and the MWHL require employers to pay at least a given minimum wage for all hours worked, and overtime pay for hours worked in excess of 40 hours per week. 29 U.S.C. §§ 206(a)(1); Md. Code Ann. Lab. & Empl. §§ 3-413(b), 3-415(a). As noted above, Plaintiffs claim that Defendants failed to pay Plaintiffs regular and overtime wages in violation of the

---

[1] Plaintiff Barrera's claim is for unpaid overtime does not plainly set forth which periods of employment Barrera worked overtime. Nor does the claim otherwise include sufficient facts to determine whether Defendants' failure to pay overtime is willful thereby triggering three, as opposed to two, year limitations period under the FLSA. That said, the Defendants must raise limitations challenges as a defense or risk waiver. Because Defendants failed to answer or otherwise respond to Plaintiffs' Complaint, the Court cannot and will not *sua sponte* mount this affirmative limitations defense for Defendants. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653–57 (4th Cir. 2006).

4

FLSA and MWHL. Plaintiffs have pleaded sufficiently that Defendants failed to pay any wage to each Plaintiff for their final hours worked. Default judgment therefore is appropriate as to these claims.

### C. Damages

Federal Rule of Civil Procedure 54(c) provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Damages as pleaded in the Complaint are not accepted as true. Rather, the Court must make an independent determination as to the relief requested. *See Ryan*, 253 F.3d at 780–81; *Agora Fin., LLC*, 725 F. Supp. 2d at 494. So long as there is adequate documentary evidence in the record from which to determine damages, the Court may do so without a hearing. Additionally, the Court bears in mind the "one wrong, one recovery" rule—Plaintiffs may recover only once for each injury. *See United States v. Rachel*, 289 F. Supp. 2d 688, 697 (D. Md. 2003).

Plaintiffs in this case have requested an award of unpaid straight time wages and unpaid overtime wages, enhanced damages, and costs and fees. The Court will discuss each in turn.

#### 1. Unpaid Straight Time Wages

The Court finds that the record supports an award of unpaid straight time wages under the MWPCL. The record allows the Court to determine that Plaintiff Barrera is owed $1,400 for his final two weeks of work; Plaintiff Manuel Jesus Gomez is owed $370 in unpaid straight time wages; and Plaintiffs Ramirez, Martinez, and Esteban E. Gomez each are owed $592 in unpaid straight time wages. The final award in this case shall be entered accordingly.

#### 2. Barrera's Unpaid Overtime Wages

Unlike the claims for straight time wages, the Court is unable to determine from the record the basis and propriety of Plaintiff Barrera's claim for overtime wages. Although in

general, in a case where records are not available from the employer, affidavits from plaintiffs may suffice to support a request for damages, the evidence must nevertheless allow the Court to ascertain the method for calculating those damages and must provide adequate detail to allow the Court to conduct its independent analysis of the damages owed. Here, it is unclear from the evidence (1) the occasions on which and number of hours Barrera worked overtime, and (2) the method for determining, based off of Barrera's bi-weekly pay, what wage he is due for overtime hours worked. *See Clancy v. Skyline Grill, LLC*, No. ELH-12-1598, 2012 WL 5409733, at *7 (D. Md. Nov 5, 2012) (chart detailing hours worked and wages owed). The Court must be provided with documentary evidence sufficient to establish Barrera's wage—and therefore his overtime wage—as well as the amount of hours of overtime he worked and for which he has not been paid.[2]

Therefore, the Court cannot award the unpaid overtime wages requested. Plaintiffs shall have 21 days from the entry of this order to supplement the record with documentary evidence to support their request.

### 3. Enhanced Damages

Similarly, Plaintiffs have not clearly articulated how they have calculated enhanced damages. For example, Plaintiffs seek $27,103.86 in double damages under the FLSA and $13,551.93 in double damages under the MWHL, with no explanation of the apparent discrepancy between the amounts. See ECF No. 1 ¶¶ 58, 65. Plaintiffs shall have 21 days from

---

[2] The Court does not understand the basis for asserting in Barrera's affidavit that Barrera's hourly wage was effectively $5.30 per hour. *See* ECF No. 8-1 at 2. If Barrera was paid $1,400 bi-weekly based on of a 40-hour work week, his effective wage would be $17.50 per hour (1400/80). Even if Barrera worked 66 hours per week every week, leaving aside the issue of overtime for hours in excess of 40, Barrera's effective hourly wage would be approximately $10.61/hour (1400/132). If Plaintiffs intend to claim that Barrera was paid less than minimum wage for his non-overtime hours under either the FLSA or the MWHL, this too must be clarified and fully detailed in the supplement to be filed, including evidence to support the derivation of a sub-minimum hourly wage.

the entry of this Order to supplement their submissions with record evidence that details, for each claim, the amount of the withheld wages and/or overtime of each relevant Plaintiff, how those wages were calculated, and how those withheld wages support the requested enhanced damages amount. *See Clancy*, 2012 WL 5409733, at *7.

In so supplementing, Plaintiffs are advised to explain the basis for their entitlement to treble damages under the MWPCL instead of double damages under the FLSA or MWHL, and more broadly to address how their requested enhanced damages award would avoid impermissible double payment. *See Quiroz v. Wilhelp Commercial Builders, Inc.*, No. WGC-10-2016, 2011 WL 5826677, at *3 (D. Md. Nov. 17, 2011); *Clancy*, 2012 WL 5409733, at *8 (explaining reasoning behind awarding double instead of treble damages); *Villatoro v. CTS & Assocs., Inc.*, No. DKC-14-1978, 2016 WL 2348003, at *3 (D. Md. May 4, 2016). Even if Plaintiffs believe that they are entitled treble damages under the MWPCL, they must provide the basis for calculating enhanced damages under each statutory claim. The Court shall then exercise its discretion to determine the total amount of enhanced damages to be awarded, if any.

### 4. Reasonable Attorneys' Fees and Costs

Plaintiffs have provided background information only for three of the five individuals for whom they seek attorneys' fees and costs based on billing records. As to Pamela Pacheco and Natalia Prado, the Court cannot ascertain whether the claimed fees for work are reasonable. Plaintiffs' supplementation should also clarify Jonathan F. Lieberman's length of admission to the Bar. *See* ECF No. 8 at 10 ("Jonathan F. Lieberman, who handled the matter in the pre-litigation stages, has . . . been practicing for fourteen years."); ECF No. 8-6 at 2 ("Mr. Lieberman was . . . admitted to the bar in 1999."). Plaintiffs shall have 21 days from the entry of this order to supplement their request for attorneys' fees and costs to address the above.

### III. CONCLUSION AND ORDER

The need for additional information has been laid out above. In the event that Plaintiffs do not provide the necessary supplemental material, the Court shall enter a judgment amount based on the unpaid straight wages as detailed in this Memorandum Opinion and Order, and shall award reasonable attorneys' fees and costs based on the information ascertainable from Plaintiffs' existing submission. Therefore, it is this 3rd day of January, 2018, ORDERED that:

1. The Motion for Entry of Default Judgment filed by Plaintiffs JOSE JAIME BARRERA, MANUEL JESUS GOMEZ, JACQUELINNE MORENO RAMIREZ, EMILIA MARGARITA MARTINEZ, and ESTEBAN E. GOMEZ (ECF No. 8) BE, and the same hereby IS, GRANTED IN PART and DENIED IN PART;

2. Judgment against Defendants J&L MAINTENANCE, LLC and JOHN F. LYNCH BE, and the same hereby IS, ENTERED in a final amount to be later determined;

3. Plaintiffs are directed to file a supplemental motion through ECF in order to provide the Court with the requested materials within 21 days from the entry of this order (by January 24, 2018) to provide the information needed for the Court to determine a final award in this matter;

4. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for Plaintiffs and Defendants.

| | |
|---|---|
| 1/3/2018 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |