IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSE JAMIE BARRERA, ET AL.,      \*

     \*

Plaintiffs,      \*

v.      \*      Civil Action No. PX-16-2477

J&L MAINTENANCE, LLC, ET AL.,      \*

Defendants.      \*
\*\*\*\*\*

**MEMORANDUM OPINION AND AMENDED ORDER**

Before the Court is the Supplemental Submission to the Motion for Entry of Default Judgment filed by Plaintiffs Jose Jamie Barrera, Manuel Jesus Gomez, Jacquelinne Moreno Ramirez, Emilia Margarita Martinez, and Esteban E. Gomez ("Plaintiffs") pursuant to this Court's January 3, 2018, Memorandum Opinion and Order. ECF No. 10. The Court incorporates into this Opinion its previous Memorandum Opinion and Order granting Plaintiffs' request for default judgment as to liability. ECF No. 9. In order to determine damages, the Court requested supplemental information regarding: (1) Plaintiff Barrera's unpaid overtime wages, (2) enhanced damages, and (3) the calculation of reasonable attorneys' fees and costs. Plaintiffs' supplemental briefing has been submitted, and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated herein, Plaintiffs' Motion for Entry of Default Judgment is GRANTED IN PART and DENIED IN PART.

**I.     DISCUSSION**

Previously, the Court determined that Plaintiffs met their burden under Federal Rule of Civil Procedure 55(b) to demonstrate liability for violations of the Maryland Wage Payment and

1

Collection Law ("MWPCL"), the Fair Labor Standards ACT ("FLSA"), and the Maryland Wage and Hour Law ("MWHL") by Defendants J&L Maintenance, LLC and John F. Lynch. ECF No. 9 at 3–5. The Court further determined that the sums requested as a reflection of unpaid straight-time wages owed to Plaintiffs had been demonstrated adequately under the Rule. ECF No. 9 at 5. However, the Court found that Plaintiffs had not provided the information necessary to "ma[ke] certain by computation" Barrera's claimed overtime wages, enhanced damages, or attorneys' fees. *See* Fed. R. Civ. P. 55(b)(1); ECF No. 9 at 5–7. The Court thus requested additional information from Plaintiffs as to these aspects of their damage claims. *See* ECF No. 9 at 8. The Court discusses each in turn.

1. **Barrera's Unpaid Overtime**

The Court requested supplemental information from Plaintiffs regarding Barrera's unpaid overtime wages, specifically, (1) the occasions on which and number of hours Barrera worked overtime, and (2) the method for determining from Barrera's bi-weekly pay the amount he is owed for the overtime hours worked. ECF No. 9 at 6. When accounting for unpaid wages, it is sufficient that a plaintiff outlines in an affidavit his "hourly wage, the number of hours for which [he] was not paid [his] regular salary, and the number of hours for which [he] was not paid overtime." *See Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 797 (D. Md. 2010).

Barrera has not submitted any supplemental evidence in the form of affidavits or other documentation. Rather, Plaintiffs give the Court a "chart" purporting to reflect that he worked "between fifty-five . . . and sixty-six" hours per week. The chart, however, does not allow the Court to calculate Barrera's effective wage, most basically because the chart is not supported by

2

any evidence submitted to the Court. *See* ECF No. 10-1 at 2–3.[1] Although Plaintiffs note that the hours per week worked by Barrera varied depending on the number of days he worked in a given week, no admissible evidence supports how many hours Barrera in fact worked in any given week, let alone sufficient documentation to underlie the chart provided. Nor is a range of 55 to 66 hours per week *an average* that would permit the Court to ascertain by computation either Barrera's effective hourly wage or an amount owed for overtime each week.[2] Because the Court has not been given any evidence by which to support an award of unpaid overtime wages, this request is denied.

### 2. Enhanced Damages

The Court also requested supplemental briefing from Plaintiffs to explain why they believe they are entitled to treble damages under the MWPCL instead of double damages under FLSA or MWHL, and to address how the requested enhanced damages would avoid an impermissible double payment. ECF No. 8 at 7. Plaintiffs are "entitled to recover liquidated damages under the FLSA or treble damages under the Maryland Wage Payment and Collection Law, but not both." *Quiroz v. Wilhelm Commercial Builders, Inc.*, No. WGC–10–2016, 2011 WL 5826677, at *3 (D. Md. Nov. 17, 2011). The Court may award an amount not exceeding

---

[1] Barrera states that he was paid $1,400 biweekly, but does not provide an effective hourly wage—as admitted in Plaintiffs' supplemental briefing, the wage stated in his affidavit is a "scrivener's error." ECF No. 8-1 at 2; ECF No. 10 at 2. The newly submitted chart does not serve as evidence sufficient to establish Barrera's wage—and therefore his overtime wage—or the actual number of hours of overtime Barrera worked and for which he is owed payment.

[2] This Court has previously found that where a plaintiff includes an average number of hours worked a week, as opposed to ranges of hours worked, it is possible to calculate the total number of overtime hours owed to him. *See Flores v. Environmental Trust Sols., Inc.*, Case No. PWG-15-3063, 2016 WL 5459106, at *3 (D. Md. September 28, 2016). This is because the one value is a true average and thus permits straightforward calculation both of effective hourly wage and of total number of overtime hours worked. By contrast, Plaintiff here seems to suggest that every week he worked either 55 or 66 hours, depending on how many days he worked in the relevant week; the *average* number of hours he worked would then be dependent on the number of weeks he worked 55 hours and the number of weeks he worked 66 hours—information for which there is no basis in the record.

3

three times the unpaid wage if the employer's violation of the MWPCL is not the result of a bona fide dispute about whether the wages are due. Maryland Code, Labor & Employment Art. § 3–507.1(b). A bona fide dispute "may be found where the employer advances an objectively reasonable defense to the MWPCL claim." *Lopez v. Lawns 'R' Us*, Civil No. DKC 07-2979, 2008 WL 2227353, at *4 (D. Md. May 23, 2008). Ultimately, an award of treble damages is made at the discretion of the fact-finder. *Admiral Mortg., Inc. v. Cooper,* 357 Md. 533, 549–50 (2000).

Plaintiffs cite *Marroquin v. Canales*, 505 F. Supp. 2d 283, 298 (D. Md. 2007), to argue that no bona fide dispute exists regarding Plaintiffs' wages because Defendants have failed to provide any employment documentation as required by Maryland law. *See* ECF No. 10 at 4. This argument is not persuasive in the context of this case. In *Marroquin*, the plaintiff submitted evidence sufficient to meet his initial burden of production regarding the lack of any bona fide dispute, in the form both of contemporaneously kept records and expert testimony. 505 F. Supp. 2d at 297–98. Because the plaintiff satisfied this initial evidentiary burden, the burden then shifted to the defendants to come forward with evidence of the actual hours the plaintiffs worked or other evidence to show a bona fide dispute, which they did not do. In this context, the *Marroquin* court aptly determined that no bona fide dispute existed as to the claimed wages. *Id.*

By contrast, Plaintiffs here have not satisfied their initial burden. Where a plaintiff does not offer any evidence of a lack of bona fide dispute or consequential damages suffered as a result of underpayments, double damages for unpaid wages rather than treble damages are warranted. *See Lopez*, 2008 WL 2227353, at *4. Defendants' failure to participate in this litigation does not amount to a "tacit admission" of a lack of a bona fide dispute where Plaintiff Barrera cannot demonstrate with competent evidence the amount of unpaid overtime wages. *See*

4

ECF No. 10 at 4. Plaintiffs' claim for treble damages is thus denied. Plaintiffs instead will be awarded double damages as permitted under the FLSA. The Court will calculate enhanced damages on the basis of straight wages as discussed in the Court's prior opinion. *See* ECF No. 9 at 5. The total amount of straight time wages owed to Plaintiffs, as detailed in the Court's prior opinion, is $3546 ($1400 owed to Barrera, $370 to Manuel Jesus Gomez, and $592 each to Ramirez, Martinez, and Esteban E. Gomez). Plaintiffs thus are entitled to damages totaling $7092. Judgment will be entered accordingly.

### 3. Reasonable Attorneys' Fees and Costs

The Court further requested supplemental information to support requested attorneys' fees for Pamela Pacheo[3] and Natalia Prado as well as additional information supporting Jonathan F. Lieberman's length of admission to the bar, for which conflicting information initially was given. ECF No. 9 at 7. Plaintiffs have satisfied this Court's request for supplemental information.

Plaintiffs' counsel requests a total of $3,058.00 in attorneys' fees and costs. ECF No. 8-6 at 3. In light of the submitted supplemental evidence, the Court can determine whether this request is reasonable based on the four timekeepers for whom they seek reimbursement.

Plaintiffs' counsel avers that they have billed in accordance with this Court's Local Rules. *See* ECF No. 8 at 9–10. From the records submitted, this does not seem to be the case. This Court's Local Rules provide presumptively reasonable hourly rates based on an attorney's years in practice. *See* D. Md. Loc. R. App'x B.3. Counsel seeks reimbursement at rates which

---

[3] Because Ms. Pacheco no longer works at the firm, Plaintiffs' counsel withdrew the claim for fees associated with her time. ECF No. 10 at 4.

exceed those set out in the Local Rules without adequate justification to support the departure.[4] Accordingly, the Court has calculated attorneys' fees based on the upper limit considered presumptively reasonable under the Local Rules. Plaintiffs are thus entitled to attorneys' fees totaling $2622.50. Judgment will be entered accordingly.

## II. CONCLUSION AND AMENDED ORDER

For the reasons discussed above, it is this 24th day of April, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion for Entry of Default Judgment filed by Plaintiffs JOSE JAIME BARRERA, MANUEL JESUS GOMEZ, JACQUELINNE MORENO RAMIREZ, EMILIA MARGARITA MARTINEZ, and ESTEBAN E. GOMEZ (ECF No. 8 & ECF No. 10) BE, and the same hereby IS, GRANTED IN PART and DENIED IN PART;

2. Judgment against Defendants J&L MAINTENANCE, LLC and JOHN F. LYNCH BE, and the same hereby IS, ENTERED in the amount of $9714.50, reflecting $7092.00 in damages and $2622.50 in attorneys' fees and costs;

3. The Clerk is directed to transmit copies of this Memorandum Opinion and Amended Order to counsel for Plaintiffs and Defendants;

4. The Clerk is directed to CLOSE this case.

| 4/24/2018 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |

---

[4] Both Mary Craine Lombardo and Jonathan F. Lieberman billed at $440 per hour, exceeding the presumptive rate of $275–425 per hour. ECF No. 8-6 at 5–6. Eduardo Garcia, an attorney barred for one year, has billed at $310 per hour, exceeding the presumptive maximum rate of $225. ECF No. 5-6 at 5–6. Natalia Prado, a paralegal, billed at $175 per hour, above the $95–150 allowable range.